**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Emilio Leon,<br>Individually, and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br>    -v-<br><br>Mr. Hudson's Cleaning Service, LLC,<br><br>                        Defendant. | **Civ. Action #:**<br><br>       **COMPLAINT**<br>  **(Collective and Class Action)**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Emilio Leon ("Plaintiff" or "Leon"), on behalf of himself and all others similarly situated, by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendant Mr. Hudson's Cleaning Service, LLC ("Defendant" or "MHCS"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself, and other similarly situated current and former employees who worked for the Defendant and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he and they are: (i) entitled to unpaid wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff complains on behalf of himself and a class of other similarly situated current and former hourly employees who worked for the Defendant, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

3.  Plaintiff and the class members are also entitled to recover compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law including Section 191, 198, and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

4.  Plaintiff is also entitled to recover his unpaid wages, and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

5.  Plaintiff also complains that he was terminated and discharged in discrimination and retaliation by Defendant because, in good faith, he complained of and opposed Defendant's failure to pay his required overtime wages. Such retaliatory termination violates the FLSA at 29 USC § 215 and NYLL § 215 and Plaintiff is entitled to and seeks to recover all damages available under these statutes.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

7.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

8.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

9.  Plaintiff Emilio Leon ("Plaintiff" or "Leon") is an adult, over eighteen years old, who

currently resides in Kings County in the State of New York.

10. Upon information and belief and at all times relevant herein, Mr. Hudson's Cleaning Service, LLC ("Defendant" or "MHCS"), was a New York for-profit Limited Liability Company with a place of business located at 1375 Broadway, 3rd Floor, New York, NY 10018.

## STATEMENT OF FACTS

11. Upon information and belief, and at all relevant times herein, Defendant was engaged in the business of providing cleaning services. See http://mrhudsoncleaning.com/

12. At all times relevant herein, Defendant employed approximately 75 or more employees during the class period.

13. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendant from on or about February 17, 2018 to on or about January 17, 2019.

14. At all times relevant herein, Plaintiff was employed by Defendant as a cleaner and performed all manual duties within this capacity.

15. At all times relevant herein, Plaintiff was paid at a regular rate of $15 an hour and Plaintiff was paid at his straight regular rate for his overtime hours (hours over 40 in a week) worked.

16. At all times relevant herein, Plaintiff worked up to 44-50 or more hours a week; 5-6 days a week. For example, for the weekly pay period ending January 13, 2019, Plaintiff worked at least 44.5 hours for Defendant and was paid at his straight regular hourly rate of $15.00 an hour for each and all of these 44.5 hours including his overtime hours (weekly hours over 40).

17. At all times relevant herein, Plaintiff was not paid for each and all hours worked in a week during his employment with Defendant – Plaintiff was not paid at all for about 5 hours each week.

18. A more precise statement of the hours and wages will be made when Plaintiff Leon obtains

the wage and time records Defendant was required to keep under the FLSA and NYLL. Accurate copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

19. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

20. Upon information and belief, Defendant failed to pay Plaintiff and the putative class members at a rate of 1.5 times their regular rate for each and all overtime hours worked (hours over 40 in a week).

21. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1).

22. At all times relevant herein, Defendant did not provide Plaintiff and the putative class members with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not state all Plaintiff's rates of pay including his overtime rates of pay, among other deficiencies.

23. On or about January 15, 2019, Plaintiff complained to Defendant (Mr. Crane) about payment of underpayment of overtime wages. In response to Plaintiff's complaints, Defendant (Mr. Crane), was displeased and terminated Plaintiff's employment on or about January 17, 2019 as a result.

24. Plaintiff was terminated/discharged by Defendant in retaliation/discrimination for opposing and complaining in good faith about the Defendant's failure to pay all his wages including his overtime wages.

25. Upon information and belief and at all times relevant herein, Defendant had annual revenues

and/or expenditures in excess of $500, 000. Plaintiff references and incorporates herein, accurate copies of records of Defendant's business volume and revenues as well as business operations and commerce that Defendant was required to keep and maintain under the FLSA including under 29 CFR 516.

26. Upon information and belief and at all times relevant herein, Defendant conducted business with companies outside the State of New York.

27. Upon information and belief, and at all times relevant herein, Defendant and Plaintiff conducted business with insurance companies outside the State of New York.

28. At all times applicable herein and upon information and belief, Defendant utilized the goods, materials, and services through interstate commerce such as cleaning equipment and supplies.

29. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

30. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

31. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the State of New York.

32. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

33. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters.

34. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement

agencies.

35. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime)

36. Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 34 above as if set forth fully and at length herein.

37. The named Plaintiff has consented to be part of this action by the filing of this action on his behalf and with his consent.

38. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

39. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former employees of Defendant, and who 1) worked more than forty hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

40. The class includes but is not limited to cleaners and employees in similar positions.

41. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 75 members of the class during the class period.

42. The class definition will be refined as is necessary, including after discovery if necessary.

43. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

44. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

45. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

46. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, and all those similarly similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## Relief Demanded

47. Due to Defendant's FLSA violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendant, their unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. (Unpaid Overtime)

48. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 46 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

49. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

50. The class of similarly-situated individuals as to the overtime cause of action under the NYLL is defined as current and former employees of Defendant, and who: 1) were employed by Defendant within the State of New York; 2) worked more than forty hours in a week, within at least the six-year period, preceding the filing of this complaint; and 3) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

51. The class includes but not limited to cleaners and employees in similar positions.

52. The class definition will be refined as is necessary, including after discovery if necessary.

53. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 75 members of the class during the class period.

54. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

55. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at least 1.5 times the applicable regular rate for all hours in excess of forty in a week.

56. Upon information and belief, the claims of the representative party are typical of the claims of the class.

57. The representative party will fairly and adequately protect the interests of the class.

58. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

59. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

(a) Whether, Defendant failed and/or refused to pay the Plaintiff and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.

60. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

61. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

62. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

**Relief Demanded**

63. Due to Defendant's NYLL overtime violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendant, their unpaid overtime compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**
**NYLL § 190, 191, 193, 195 and 198**

64. Plaintiff alleges on behalf of himself and all others similarly situated as class members and incorporates by reference the allegations in paragraphs 1 through 63 above as if set forth fully and at length herein.

## **CLASS ALLEGATIONS**

65. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

66. The class of similarly-situated individuals as to the third cause of action under the NYLL is defined as current and former employees who worked for the Defendant within the State of New York and who: 1) were not provided wage notices and wage statement by Defendant, as also explained above, within at least the six-year period, preceding the filing of this complaint to the date of disposition of this action.

67. The class of similarly-situated individuals as to the cause of action for NYLL 195(1) and NYLL 195(3) violations is defined as current and former employees of Defendant who: 1) were not provided with the notice(s) required by NYLL 195(1), or 2) were not provided with the statement(s) required by NYLL 195(3).

68. The class definition will be refined as is necessary, including after discovery if necessary.

69. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 75 members of the class during the class period.

70. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

71. Upon information and belief, there are questions of law or fact common to the class – (a) whether Defendant failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and (b) whether Defendant failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

72. Upon information and belief, the claims of the representative party are typical of the claims of the class.

73. The representative party will fairly and adequately protect the interests of the class.

74. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

75. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

   (a) whether Defendant failed to provide Plaintiff with the notice(s) required by NYLL 195(1), or whether Defendant failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

76. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

77. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 195 and 198.

78. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the notice(s) required by NYLL 195(1) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

79. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the statement(s) required by NYLL 195(3) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

**Relief Demanded**

80. Plaintiff, and all those similarly situated, are entitled to recover from Defendant, their maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## AS AND FOR A FOURTH CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198

81. Plaintiff alleges on behalf of himself and incorporates each and every allegation contained in paragraphs 1 through 80 above with the same force and effect as if fully set forth at length herein.

82. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

83. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all the overtime wages Plaintiff was entitled to, as required by NYLL §§ 191, 193 and 198.

84. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

85. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

**Relief Demanded**

86. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant his entire unpaid wages, including his unpaid non-overtime and overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## AS AND FOR A FIFTH CAUSE OF ACTION –
## FLSA RETALIATION/DISCRIMINATION - 29 U.S.C § 215

87. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 86 above as if set forth fully and at length herein.

88. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA including 29 USC § 207 and 29 USC § 215.

89. At all times relevant herein, Defendant was a covered person or entity within the meaning of 29 USC § 215.

90. Defendant discharged/terminated Plaintiff's employment with it in retaliation and discrimination and in violation of the FLSA at 29 USC § 215 for engaging in protected activity such as opposing and complaining in good faith about Defendant's failure to pay Plaintiff wages owed to him under the FLSA as further set forth above.

**Relief Demanded**

91. Defendant's FLSA violations, have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to and seeks to recover from Defendant all damages available under 29 USC §§ 215, and 216, including his lost wages, reinstatement, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §§ 215, 216(b).

## AS AND FOR A SIXTH CAUSE OF ACTION

**RETALIATION/DISCRIMINATION - NYLL § 215**

92. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 91 above as if set forth fully and at length herein.

93. At all times relevant herein, Plaintiff was employed by Defendants, individually, and/or jointly within the meaning of the New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

94. At all times relevant herein, Defendant was a covered person or entity within the meaning of New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

95. Defendant discharged/terminated Plaintiff's employment with it in retaliation and discrimination and in violation of the NYLL § 215 for engaging in protected activity such as opposing and complaining in good faith about Defendant's failure to pay Plaintiff wages owed to him under the NYLL as further set forth above.

96. A notice of this action/claim was provided to the NYS Attorney General pursuant to NYLL § 215 prior to the filing of this action.

**Relief Demanded**

97. Defendant's New York Labor Law violations, have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to recover from Defendant all available damages, including his lost wages, reinstatement, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 215.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

98. Declare Defendant (including its overtime wage payment policy and practice) to be in violation of the rights of Plaintiff and those similarly-situated, under the FLSA and New York Labor Law – 12 NYCRR § 142 and enjoin Defendant from engaging in such violations.

99. As to the **First Cause of Action**, award Plaintiff and those similarly situated who opt-in to

this action, their unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

100. As to the **Second Cause of Action**, award Plaintiff and those similarly situated as class members, their unpaid overtime compensation due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

101. As to the **Third Cause of Action**, award Plaintiff and those similarly situated class members, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

102. As to the **Fourth Cause of Action**, award Plaintiff all unpaid wages, wage deductions, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including §§ 19, 193, 198.

103. As to the **Fifth Cause of Action**, award Plaintiff all damages available under 29 USC §§ 215, and 216, including his lost wages, reinstatement/front pay, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §§ 215, 216(b).

104. As to the **Sixth Cause of Action**, award Plaintiff all damages available under NYLL § 215, including his lost wages, reinstatement/front pay, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 215;

105. Award Plaintiff, and all others similarly situated where applicable, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

106. Award Plaintiff and all those similarly situated such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **January 30, 2019**

Respectfully submitted,

Abdul Hassan Law Group, PLLC


<u>/s/ Abdul Hassan</u>
Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-355-9668
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*