# SETTLEMENT AGREEMENT AND RELEASE

Mr. Hudson's Cleaning Service, LLC ("Defendant"), and Emilio Leon ("Leon"), desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1. **Definition of Parties**.

    a.  "Plaintiff" shall be defined as Emilio Leon.

    b.  Plaintiff Emilio Leon was employed by Defendant Mr. Hudson's Cleaning Service, LLC.

    c.  "Defendant" shall be defined as Mr. Hudson's Cleaning Service, LLC.

    d.  "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendant on January 30, 2019, in the United States District Court, Southern District of New York, with Civil Action #: 19-CV-00935 (ER)(SDA).

2. **Consideration**. In consideration for Mr. Leon signing this Agreement and the release of all claims herein, Defendant Mr. Hudson's Cleaning Service, LLC agrees to make the following payments totaling Twenty-Five Thousand Dollars and Zero Cents ($25,000):

    a.  Ten payments to "Emilio Leon" each in the amount of Eight Hundred, Seventeen Dollars and Ninety Cents ($817.90), totaling $8,179, less applicable taxes and withholdings. The first of these ten (10), payment will be due within fifteen (15) days of the court's approval of the settlement agreement and the remaining nine (9), payments will be due at 30-day intervals following the date the first of these ten (10), payments is due;

    b.  Ten payments to "Emilio Leon" each in the amount of Eight Hundred, Seventeen Dollars and Ninety Cents ($817.90), totaling $8,179, to be reported on an IRS Form 1099-MISC (Box 3). The first of these ten (10), payment will be due within fifteen (15) days of the court's approval of the settlement agreement and the remaining nine (9), payments will be due at 30-day intervals following the date the first of these ten (10), payments is due;

    c.  Ten payments to "Abdul Hassan Law Group, PLLC," each in the amount of Eight Hundred, Sixty-Four Dollars and Twenty Cents ($864.20), totaling $8,642 representing a 1/3 contingency fee ($8,179) plus costs ($463). The first of these ten (10), payment will be due within fifteen (15) days of the court's approval of the settlement agreement and the remaining nine (9), payments will be due at 30-day intervals following the date the first of these ten (10), payments is due;

    d.  The payments above shall be sent by overnight delivery to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427.

1

e. If there is a default in making the payments herein, Plaintiff or his counsel, will give **Defendant Mr. Hudson's Cleaning Service, LLC,** written notice of said default, by sending a notice of default by email to Defendants' attorney **Mr. Adam Braverman, Esq. at adam@bravermanlawfirm.com.** Defendant will have fifteen (15) days from receipt of such notice to cure the default. If Defendant does not cure the default within fifteen (15) days of the notice, Plaintiff and his Counsel shall have the right to a judgment or supplemental judgment against Defendant **Mr. Hudson's Cleaning Service, LLC** in the amount of Thirty-Five Thousand Dollars ($35,000) less any monies paid by Defendant at the time of default plus legal fees and costs incurred in securing such judgment or supplemental judgment. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his counsel.

3. **No Consideration Absent Execution of This Agreement**. Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

4. **Release of Claims by Plaintiff**. In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendant, including its successors, assigns, agents, members, owners, officers, employees and managers, of and from any and all claims asserted in the Action and from all damages, salaries, wages, compensation, spread-of-hours pay, statutory damages, minimum wage and overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, and other damages, interest, attorneys' fees, and costs, for any claim brought, or that could have been brought, under the Fair Labor Standards Act, the New York Labor Law, the Wage Theft Prevention Act, and / or any local, state, or federal wage statute, code, or ordinance, relating to wage and hour claims that could have been raised in the Action, consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

5. **Acknowledgments and Affirmations**.

a. Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiff believes that this settlement is fair and reasonable, and authorizes his attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice.

6. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendant breaches any provision of this Agreement, Plaintiff and Defendant affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If the release language is found to be illegal or unenforceable, Plaintiff and Defendant agree to execute a binding replacement release(s).

Doc ID: f9f4c368ecff45154e46526c40640bbabf6ab9dd

7. **Amendment**. Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

8. **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

9. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

10. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

11. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

13. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Mr. Leon was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Leon is competent to execute this Agreement.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**                                      **DEFENDANT:**

**EMILIO LEON:**                             **MR. HUDSON'S CLEANING SERVICE,**

By: _____ *(DocuSigned by: E L, 00F751048C98449...)*

Print Name: Emilio Leon

6/1/2021

**LLC:**

By: *David Wiltshire-Craine* _____

Print Name: David Wiltshire-Craine

Title: President

Date: 06 / 08 / 2021

4